United States District Court
District of Massachusetts

```
                                    )
United States of America            )
                                    )
        v.                          )     Criminal Action No.
                                    )     17-10092-NMG
Gary P. DeCicco,                    )
                                    )
        Defendant.                  )
                                    )
```

### MEMORANDUM & ORDER

Defendant Gary P. DeCicco ("defendant") was indicted on one count of attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951, on April 13, 2017. The indictment also includes a criminal forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Approximately two weeks later, on May 1, 2017, defendant filed a motion, pursuant to 28 U.S.C. § 455(b)(1), to "disqualify" the judicial officer assigned to this session in light of a purported conversation he had with United States District Judge Nathaniel M. Gorton ("Judge Gorton") on a flight from either Orlando or Ft. Lauderdale, Florida to Boston, Massachusetts sometime between 2007 and 2010. That motion, along with four motions to seal relevant pleadings and two motions to for leave to file reply memoranda are pending before this Court.

-1-

## I.  Defendant's Motion to Disqualify

Defendant generally alleges that he believes that he engaged in a conversation with Judge Gorton on a flight from a city in Florida to Boston during which defendant discussed various real estate holdings of his.  As a result of that alleged conversation, defendant claims that Judge Gorton gained "personal knowledge of . . . disputed evidentiary facts" warranting his recusal. See 28 U.S.C. § 455(b)(1).  For the following reasons, defendant's motion to recuse will be denied.

Courts have routinely denied motions brought under 28 U.S.C. § 455 when they first learned of alleged "disputed facts" in the context of litigation. See, e.g., Untied States v. Salemme, 164 F. Supp. 2d 86, 99-100 (D. Mass. 1998) ("[K]nowledge of disputed facts requires disqualification only if the knowledge has an extrajudicial source." (quoting United States v. Widgery, 778 F.2d 325, 328 (7th Cir. 1985))).  Here, the Court has no recollection of any such conversation ever occurring.  The assigned judge has no knowledge of defendant's real estate assets other than disclosed in his motion and supporting affidavit, has no memory of ever being on a flight fitting defendant's description and certainly never made any of the statements ascribed to him by defendant.  Accordingly, recusal is not required. See id.

Moreover, neither defendant nor the government questions this Court's ability to preside over the case fairly. <u>Id.</u>

Accordingly, defendant's motion to disqualify will be denied and, as a consequence, the Court will also deny defendant's motion for leave to file a reply to the government's opposition as moot.

## II.  <u>The Parties' Motions to Seal the Pleadings</u>

Defendant moves to file his motion to disqualify under seal and to file his supporting affidavit <u>ex</u> <u>parte</u>.  The government opposes that motion on grounds that criminal matters should generally be available to the public.

The First Circuit Court of Appeals has long recognized "public access to judicial proceedings and records" including access to criminal proceedings and materials. <u>United States</u> v. <u>Kravetz</u>, 706 F.3d 47, 53 (1st Cir. 2013).  Such access can be limited, however, if there are specific facts demonstrating that defendant's right to a fair trial would be undermined by publicity. <u>Press-Enterprise Co.</u> v. <u>Super. Ct. of Cal. for the Cty. of Riverside</u>, 478 U.S. 1, 10, 14 (1986).  Here, defendant makes no such argument.

He contends instead that the motion to disqualify should be sealed and his supporting affidavit should be filed <u>ex</u> <u>parte</u> because of the potential for self-incrimination in future proceedings.  But he cannot file a motion based solely upon an

affidavit and then attempt to prevent the government from "test[ing]" the alleged facts underpinning the motion by asserting a Fifth Amendment privilege. <u>See</u> <u>United States</u> v. <u>Phillipos</u>, 849 F.3d 464, 469 (1st Cir. 2017).

Defendant also maintains that he should not be required to choose between his Fifth Amendment right against self-incrimination and his due process rights implicated by the recusal issue. Defendant, however, makes no showing that his motion to disqualify raises constitutional concerns. For example, in <u>Liljeberg</u> v. <u>Health Servs. Acquisition Corp.</u>, cited by defendant, it was alleged that the judge had a personal bias or prejudice. <u>See</u> 486 U.S. 847, 864-66 (1988). But here, defendant admits that the Court is able to preside over the case fairly. Thus, defendant did not face competing constitutional concerns when he filed his affidavit.

In light of the strong presumption of open access to criminal matters, the Court will deny the motion to file under seal the motion to disqualify and to file the supporting affidavit <u>ex</u> <u>parte</u>. The three additional motions to seal filed by the parties will be denied for the same reasons.

The Court will, however, direct the parties to redact from the pleadings all references to grand jury proceedings or investigations because the United States Supreme Court has consistently "recognized the importance of secrecy in grand jury

-4-

proceedings." <u>United States</u> v. <u>McMahon</u>, 938 F.2d 1501, 1504 (1st Cir. 1991) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)).

Finally, because the Court will deny defendant's motion for leave to file under seal its motion to disqualify, it will deny defendant's motion for leave to file a reply to the government's opposition to that motion as moot.

**ORDER**

For the foregoing reasons,

1) defendant's motion for leave to file under seal defendant's motion to disqualify and to file an <u>ex parte</u> affidavit (Docket No. 28) is **DENIED** but any references to grand jury proceedings or investigations shall be redacted from those pleadings;

2) defendant's motion to disqualify district judge (Docket No. 29) is **DENIED**;

3) the government's motion to temporarily seal its opposition to defendant's motion to seal (Docket No. 43) is **DENIED**;

4) defendant's motion for leave to file a reply to the government's opposition to defendant's motion to seal (Docket No. 45) is **DENIED** as moot;

5) defendant's motion for leave to file under seal its reply to the government's opposition to defendant's motion to seal (Docket No. 46) is **DENIED**;

6) the government's motion to temporarily seal its opposition to defendant's motion to disqualify (Docket No. 48) is **DENIED;**

7) defendant's motion for leave to file a reply to the government's opposition to defendant's motion to disqualify (Docket No. 50) is **DENIED** as moot and

8) defendant's motion to file under seal a reply to the government's opposition to defendant's motion to disqualify (Docket No. 51) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 16, 2017