UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
          Plaintiff,

          v.

GARY P. DECICCO,

          Defendant.

Case No. 17-cr-10092-NMG

**DEFENDANT GARY P. DECICCO'S REPLY BRIEF IN  SUPPORT OF DEFENDANT'S
MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE
AND BILL OF PARTICULARS**
*LEAVE TO FILE GRANTED ON AUGUST 8, 2017*

Defendant Gary DeCicco ("Mr. DeCicco") replies to some of the arguments the

government made in its Opposition, Opp'n, ECF No. 74, to Mr. DeCicco's Motion for Discovery

of Exculpatory Evidence and Bill of Particulars ("Discovery Motion"), ECF No. 69. The Court

granted leave to file this reply brief on August 8, 2017, Elec. Order, ECF No. 79. Mindful of the

reply brief's limited purpose, Mr. DeCicco addresses here only some of the more salient

arguments responding to the government's Opposition, all the while renewing his Discovery

Motion requests in full.  Mr. Decicco respectfully suggests that the Court will understand the

strong basis for several of the requests below, once it has reviewed his Support for the Motion to

Reopen the Detention Hearing ("Bail Motion"), which he will file shortly.  Thus, Mr. DeCicco

requests that the Court refrain from deciding this motion until it has had the opportunity to

review the evidence detailed in the Bail Motion.

## 1.  Written Immunity Agreements

Local Rule 116.2 (b)(1)(C) requires the government to disclose for all of its witnesses in

its case-in-chief  "a copy of any promise, reward or inducement reduced to writing."  In its May

26, 2017 automatic discovery letter, the government confirmed the existence of written immunity agreements with three case-in-chief government witnesses but refused to disclose the agreements or to describe their terms. May 26 Gov't Letter 5, ECF No. 70-1. After repeated requests from the defense, the government finally produced copies of these agreements a month later.  In its June 26, 2017 letter, the government stated that it has no duty to produce such agreements under Local Rule 116.2(b)(1)(C), and only does so as a matter of discretion. June 26 Gov't Letter 3, ECF No. 70-3. A written immunity agreement is a promise, reward and inducement for witness co-operation.  The Court should order the government to produce all immunity and cooperation agreements of case-in-chief government witnesses, both now and on a continuing basis.

### 2.   Other Promises, Rewards, or Inducements

CW-2 and CW-3 are two street smart felons whom the government claims will admit their role in an assault without receiving any promise, reward or inducement.  Mr. DeCicco assumes the Massachusetts State Police or others said something to these two men to secure their cooperation.  Whatever was said should be fully disclosed in writing.

Mr. DeCicco believes the government has discouraged witnesses from talking to his attorney and investigator.  Any such effort violates Mr. DeCicco's constitutional right to counsel. The government should disclose any such statements it has made.

### 3.   Information that Would Tend to Negate the Defendant's Guilt

Pursuant to Local Rule 116.2(b)(1)(A), Mr. DeCicco has requested "evidence of other individuals with motives to attack or otherwise harm CW-1." Mem. Supp. Def.'s Mot. Compel ("Mem.") 11, ECF No. 70. As will be shown in the Bail Motion, which Mr. DeCicco will file shortly, CW-1 is a vindictive person with numerous enemies.  Mr. DeCicco has the right to any evidence showing others had a motive to injure CW-1, or assist in a plan to do so.  He also has a

right to receive any evidence the government has that shows CW-1 tried to involve law

enforcement with persons with whom CW-1 had personal or business conflicts.

### 4.   Title III Intercepts

Local Rule 116.1(c)(1)(C) requires the disclosure of any electronic surveillance relating

to the charges in the indictment.  The government has conducted electronic surveillance of a

mutual acquaintance of CW-1 and Mr. DeCicco.  Mr. DeCicco would like any conversations in

which CW-1 discusses Mr. DeCicco, or Mr. DeCicco discusses CW-1, or that references CW-1's

and Mr. DeCicco's relationship.

### 6.   Bill of Particulars

The government states that Mr. DeCicco has no right to request that the government

describe all conversations or acts in which Mr. DeCicco demanded an economic interest from

CW-1 or threatened violence to secure such an interest. Opp'n 7.  As will be documented in Mr.

DeCicco's soon to be filed Bail Motion, there is a strong reason to doubt Mr. DeCicco made any

such demands, and to suspect CW-1 is making up such allegations. The absence of such

particulars will deprive Mr. DeCicco from the ability to conduct a timely investigation of the

government's allegations and present a strong alibi defense. If, on the other hand, the

government represents that its case consists exclusively of extortion inferences derived from acts

of personal conflict such as the flowers and note, this information is equally essential to

preparing Mr. DeCicco's pretrial defense.  If the government makes such a representation, Mr.

DeCicco may submit a motion to dismiss the indictment.  Hence, Mr. DeCicco requests the

government produce a bill of particulars.

Dated: August 8, 2017                                Respectfully submitted,

                                                     GARY P. DECICCO

3

By his counsel,

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra I. Gliga (BBO # 694959)
alexandra.gliga@whitecase.com
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9300

## CERTIFICATE OF SERVICE

I, Michael Kendall, hereby certify that the above document was filed on the date appearing in the header of this page through the ECF system, which will send true copies of the document to the attorneys of record for each party.

/s/ Michael Kendall
Michael Kendall
