IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 17-cr-10092-NMG |
| | ) | |
| GARY P. DECICCO, | ) | |
| | ) | |
| Defendant | ) | |

**UNITED STATES' SUPPLEMENTAL
MEMORANDUM REGARDING DETENTION**

The United States Attorney hereby respectfully submits information requested by the Court during the November 3, 2017 reopened detention hearing. The government also briefly supplements its filings in support of the continued detention of defendant Gary DeCicco (Defendant), in response to assertions made by defense counsel at the November 3 hearing.

First, the government submits that CW-4 testified that Defendant contacted him approximately 10 days to two weeks before January 11, 2015 to arrange the beating of CW-1. CW-4 told investigators that this conversation took place in person, not over the phone. CW-2 testified that he assaulted CW-1 on the same day that CW-3 first contacted him about the assault[1] and CW-3 testified that CW-2 assaulted CW-1 soon after CW-3 asked CW-2 to commit the

---

[1] The government notes that, when first interviewed in November 2015, CW-2 estimated that CW-3 approached him one or two months before January 11, 2015 about the assault. CW-2 subsequently revised his statement and testified that CW-3 contacted him on the day of the assault.

assault.[2]

Second, the government submits that the advisory United States Sentencing Guidelines (USSG) calculation for Defendant if he is convicted of the charge in the Indictment is as follows:

- USSG § 2B3.2(a) provides that the base offense level for extortion by force or threat of injury or serious damage is 18.

- The base offense level would be increased by 2 levels pursuant to USSG § 2B3.2(b)(1) because the offense involved an express or implied threat of death or bodily injury.

- The base offense level would be increased by 4 levels pursuant to USSG § 2B3.2(b)(3)(A)(iv) because a dangerous weapon (shod foot) was used to commit the assault on CW-1.

- The base offense level would be increased by 3 levels pursuant to USSG § 2B3.2(b)(3)(B)(i)(II) because the offense involved preparation to carry out a threat of serious bodily injury.

- The base offense level would be increased by 4 levels pursuant to USSG § 2B3.2(b)(4)(B) because the victim sustained serious bodily injury.

Defendant's total offense level upon conviction would therefore be 31. Assuming Defendant is a Criminal History Category I, the applicable advisory USSG range is 108 to 135 months.

Third, the government submits affidavits signed by Defendant's two daughters, each of whom attested that CW-1 never harassed or physically assaulted her. *See* Exhibits 2 and 3. The government submits these affidavits in response to defense counsel's novel representation to the

---

[2] Phone records reflect contact between Defendant and CW-4, between CW-4 and CW-3, and between CW-3 and CW-2 dating back to August 2014. However, based on CW-4's testimony that Defendant approached him in person 10 to 14 days before the assault, and based on the fact that these individuals had contacts unrelated to the assault, those contacts are not relevant. A preliminary chart of the phone contact between January 10 and 12, 2015, which corroborates the testimony of CW-4, CW-3 and CW-2 regarding phone contacts around the time of the assault, is attached for the Court's reference. *See* Exhibit 1.

Court at the November 3, 2017 hearing that Defendant may have ordered CW-1 assaulted because of something CW-1 said to Defendant's daughters.

Finally, the government submits a Peabody Police Report dated November 26, 2015.  *See* Exhibit 4.  At the November 3, 2017 hearing, defense counsel alleged that Defendant does not have a record of violence.  However, in addition to the admissions Defendant made to Philip Baldi about sticking a gun down someone's throat, having friends in the Hell's Angels who would help him if he needed assistance, and having a witness beaten so that the witness did not show up in court to testify again his brother, the government notes the allegations made by a tenant of the Pulaski Mills building as recently as November 2015.  Specifically, the tenant alleged that Defendant threatened to kill him and his family, *inter alia*.

## Conclusion

The government maintains that there is no set of conditions which will reasonably assure Defendant's presence at trial and the safety of any other person and the community.

                         Respectfully submitted,

                         WILLIAM D. WEINREB
                         Acting United States Attorney

                 By: */s/Kristina E. Barclay*
                         Kristina E. Barclay
                         Assistant U.S. Attorney

Date:  November 6, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed electronically on this date will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Kristina E. Barclay*
                                                Kristina E. Barclay
                                                Assistant United States Attorney

Dated: November 6, 2017