UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10092-NMG |
| | ) | |
| | ) | |
| GARY DECICCO | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL MEMORANDUM REGARDING DETENTION**

Now comes the defendant in the above-named case and respectfully responds to the government's supplemental memorandum as follows:

1. It is the defendant's memory of the hearing that the government asked permission to supplement on two issues, (1) the guideline calculation and (2) the defendant's history on pre-release and probation during his previous federal case. In its supplemental memorandum the government addresses its view of the guidelines, omits any reference to the prior case, and adds new claims that should have been raised at the hearing.

2. The government calculates the guideline for extortion by force to be level 31, the highest level permissible under USSG §2B3.2 unless abduction was also involved. The government's claim that the base offense level of 18 is increased by 2 levels under 2B3.2(b)(1) (express or implied threat of death or bodily injury) does not reference any act. It appears, based on the Elio Affidavit in support of the complaint, that the act at issue is a supposed call during which the unidentified caller supposedly refers to the alleged victim's religion and says he is going to kill him. Whether the government can ever connect this call to the defendant or prove to a fact finder that this call ever took

place seems problematical at best.  The government adds an additional 3 levels on the theory that the hiring of others to commit the assault amounted to preparation to carry out this same threat under 2B3.2(b)(3)(B)(i)(II).  The defendant contests this claim which is built on the alleged call.  The government's claim that the base offense level of 18 is increased by 4 levels under 2B3.2(b)(3)(A)(iv) (dangerous weapon) references that the alleged victim was kicked with a "shod foot."  The defendant contests that the kicking at issue here was capable of inflicting death or serious bodily injury.  The defendant has not seen the alleged victim's medical records.  The defendant suggests that the offense level is more realistically calculated significantly lower than the government's calculation.

     3.  The government's view of the phone records and the credibility of its cooperating witnesses CW-1, CW-2, and CW-3, besides being of minor relevance to the issue of detention as argued by the defense, must be discounted since to date the government has not made a full disclosure of all statements made by said witnesses.

     4.  The government's addition to the record of the affidavits of the defendant's two daughters is inapposite to any claim made by the defense.  The defendant does not and has never claimed that the alleged victim said or did anything to the defendant's daughters directly.  The defendant has claimed and still claims that the alleged victim made disgusting remarks about the defendant's young daughters to others in his circle of friends and acquaintances that included the defendant; that because of the location of his home he was in a position to see the defendant's daughters when they used the neighbor's swimming pool; and that his history indicates a problem with women.

     5.  The government raises the landlord-tenant dispute between the defendant and an unnamed tenant as proof of the defendant's violent tendencies.  In its pleading the

government fails to mention that one of its cooperating witness, Mr. Baldi, was, according to the police report, an eyewitness to everything that occurred on that occasion. Baldi, according to the police report, confirmed the defendant's story, not the tenant's. But more to the point, Baldi is a cooperating witness with the government. Not only did he fail to testify about this incident when he testified in connection with this detention hearing; but, the government has not said that he now has a new version of this incident. If he did, why has the government failed to disclose it to this Court?

>Respectfully submitted,
>By his attorney,
>
>/s/ Robert Sheketoff
>Robert Sheketoff
>BBO# 457340
>One McKinley Square
>Boston, MA 02119
>(617)-367-3449

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for the defendant and have caused a copy of this pleading to be served electronically through the ECF system to all parties herein this 19th day of November, 2017.

>/s/ Robert Sheketoff
>Robert Sheketoff