

Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210-1878

617 542 5070 main
617 542 8906 fax

**Thomas C. Frongillo**
Principal
frongillo@fr.com
617 521 7050 direct

FILED
IN CLERKS OFFICE
2018 MAR 29 PM 4: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

BY HAND AND E-MAIL

March 29, 2018

Kristina E. Barclay
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re: United States v. Gary DeCicco, Crim. No. 17-10092-NMG

Dear Kristina:

We received your letter dated March 20, 2018, responding to Mr. DeCicco's discovery requests of March 6, 2018, along with two CD ROMs containing "Responsive Discovery" and a replacement disk. We also received your supplemental e-mail on March 21, 2018, attaching three .wav files of recorded conversations. The purpose of this letter is to address certain deficiencies in the government's response. Each is discussed below.

DOCUMENTS AND OBJECTS MATERIAL TO PREPARING THE DEFENSE

The government objects to the requests to the extent they call for "books, papers, documents, data, photographs, tangible objects, buildings or places in the government's possession, custody, or control." The government protests that these categories are overbroad and call for production of information protected by various privileges and protections, as well as other information to which the defendant is not entitled to at this time. Please note that the quoted language to which the government objects is the verbatim language of Fed. R. Crim. P. 16(a)(1)(E). Please advise us whether the government intends to stand on this objection for the purpose of restricting the scope of discovery that it will produce to Mr. DeCicco, so that we can appropriately raise this issue for the Court's resolution.

RESTRICTIVE DEFINITION OF THE PROSECUTION TEAM

The government objects to the requests to the extent that they call for information in the possession, custody, or control of the Saugus Police Department. Under the United States






Attorney's Manual, Section 9-5.002, "members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant." First, in this case, based on discovery produced by the government, it is evident that the Saugus Police Department participated in the investigation of events that occurred in August 2014 and January 2015, on which the government intends to rely in this prosecution. Second, the Saugus Police Department has had substantial contact with the Federal Bureau of Investigation during the investigation since at least late August or early September of 2014. Third, Saugus Police Officer James Donovan is an FBI Task Force member, and provided information to FBI Special Agent Jesse Chizmadia regarding this case. Consequently, the Saugus Police fits the Justice Department's own definition of the "prosecution team." This may be a non-issue if the government already has provided the defense with all requested information in the possession, custody, or control of the Saugus Police Department. If the government has not done so, please advise us so we can appropriately raise this issue for the Court's resolution.

LACK OF CLARITY AND SPECIFICITY OF BOILERPLATE RESPONSE

In responding to fourteen (14) of Mr. DeCicco's requests, the government has stated the following:

> The government has no responsive documents in its possession, custody or control which have not already been produced to the defendant and which the government is required to produce under Local Rule 116.1(c)(1) or Local Rule 116.2(b)(1).

The government interposed this response to Requests 3, 4, 5, 6, 7, 8, 13, 14, 16, 18, 21, 22, 23, and 25.

The response lacks clarity and specificity. It is impossible for the defense to determine whether (1) the government does not have any responsive documents in its possession, custody, or control regarding the particular request; (2) the government has already produced all responsive documents and has no additional responsive documents regarding the particular request; or (3) the government possesses the requested documents but is objecting to producing them under Local Rule 116.1(c)(1) and/or Local Rule 116.2(b)(1). If the government does not have any responsive documents in its possession, custody, or control, it should say so. For example, in response to Requests 10, 27, 28, 31, 34, 35, 36, 39, and 40, the government stated, "The government has no responsive information in its possession, custody, or control."

The government needs to clarify and specify its responses to the fourteen identified requests. If the government declines to provide clear and specific responses, please advise us so we can appropriately raise this issue for the Court's resolution.






REQUEST 9

In response to Request 9, the government produced a list of calls to and from cell phone number (781) 844-9253. The list appears to be a log of Title III interceptions from December 4, 2012 through January 17, 2013 of Mr. DeCicco's mobile telephone. The list identifies numerous calls between CW-1's cellular telephone and Mr. DeCicco's telephone during the timeframe of the alleged conspiracy. If there was a wiretap of Mr. DeCicco's calls, the recordings of these calls likely contain statements of Mr. DeCicco and are subject to disclosure under Local Rule 116.1(c)(1)(C)(i) and *Brady*. In addition, there likely are other intercepted calls during and preceding the alleged conspiracy that are exculpatory.

Under Local Rule 116.1(c)(1)(C)(i), the government is required to provide a written description of any interception of wire, oral, or electronic communications relating to the charges in the indictment, and a statement whether the government intends to use any such communications. In addition, under Local Rule 116.1(c)(1)(C)(ii), the government is required to produce a copy of any application for authorization to intercept such communications relating to the charges contained in the indictment in which the defendant was named as an interceptee or pursuant to which the defendant was intercepted, together with all supporting affidavits, the Court orders authorizing such interceptions, and the Court orders directing the sealing of intercepted communications. We request that you disclose whether the list represents a log of Title III interceptions of Mr. DeCicco's telephone. If so, we request that the government immediately comply with the Local Rule and *Brady*, and produce the materials and information described above. If the government declines to do so, please advise us so we can appropriately raise this issue for the Court's resolution.

REQUEST 11

The Saugus Police Report states that CW-1 alleged that threatening calls were made to him by anonymous callers on August 4, 2014 and other dates in August 2014. The report also references other alleged acts of harassment of CW-1. The government objects to this request to the extent it calls for documents related to law enforcement's efforts to identify an individual, law enforcement's efforts to investigate and identify an individual, or the FBI's efforts to investigate the incidents, claiming that such information "is protected by the investigative privilege."

The government/Saugus Police clearly investigated these matters to determine whether they actually occurred and, if they did occur, to identify the alleged perpetrators. The failure of law enforcement to identify Mr. DeCicco as an alleged perpetrator of the purported conduct is exculpatory. In addition, law enforcement's identification of others as alleged perpetrators is exculpatory. The information is not protected or privileged, and the government is required to produce it under Fed. R. Crim. P. 16(a)(1)(D)(i) and *Brady*. Please advise whether the government declines to produce this information, so we can appropriately raise this issue for the Court's resolution. In addition, if the government continues to maintain that the information requested exists but is privileged, then it should provide the defense with a privilege log.






REQUEST 14

In response to Request 14(2), the government notes that Paragraph 19 of the Elio Affidavit does not state that CW-3 instructed CW-2 to tell CW-1 that "this would teach CW-1 'how to talk to a lady.'" The quoted language is from Paragraph 16 of the Lemanski Affidavit, also drafted by the government. The defense now corrects this request to read "Paragraph 16 of the Lemanski Affidavit," and requests the government to respond to the corrected request.

REQUEST 23

The government rejects this request on the basis of "law enforcement privileges and work product protection." The government's failure to request telephone records of CW-1, and its failure to produce the telephone records of CW-1, are not the subject of any investigative privilege or the work product doctrine. Rather, given the facts and circumstances of this case, it is exculpatory evidence under *Brady*. If the government continues to decline to produce this information on the ground that it is privileged, then it should state the specific privilege and provide the defense with a privilege log. The defense will appropriately raise this issue for the Court's resolution.

REQUEST 24

The government apparently supplemented its response to Request 24 with an e-mail to counsel on March 21, 2018, attaching three .wav files of recorded conversations. The government, however, did not identify the dates on which the recorded conversations were intercepted. Please provide the dates and times as to these three intercepted communications.

REQUEST 29

In response to Request 29, the government produced an FBI Form 302 report (USAO_DECICCO_00003229). The report has 5 pages. The fifth page has a heading and redactions but the entire page is blank. Please provide the missing content from the fifth page.

REQUEST 38

The defense disagrees with the government's interpretation of its obligations to produce information under *Brady* and *Giglio* regarding CW-1. If the government intends to maintain its current position on all aspects of this request, please advise and the defense will appropriately raise this issue for the Court's resolution.

Thank you for your timely attention to this matter.






Very truly yours,

Thomas C. Frongillo

Thomas C. Frongillo

cc: Clerk of the Court
James J. Cipoletta
Caroline K. Simons