UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | )    No. 17-CR-10092-NMG <br> ) |
| GARY P. DECICCO, | ) <br> ) |
| *Defendant*. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENAS RETURNABLE BEFORE TRIAL FOR PHONE RECORDS OF CW-1**

Defendant Gary DeCicco submits this memorandum of law in support of his Motion for Issuance of Fed. R. Crim. P. 17(c) Subpoenas *Duces Tecum* for certain books, papers, documents, data, or other objects as defined herein. The proposed subpoenas seek documents and information that relate to a number of the events which are the basis for the charge of attempted extortion in violation of 18 U.S.C. § 1951. The documents sought are relevant, admissible, and narrowly targeted, satisfying the three-part showing required by Rule 17(c) and *United States v. Nixon*, 418 U.S. 683, 699-800 (1974), and its progeny. Mr. DeCicco is seeking leave to issue the proposed subpoenas because they call for the requested documents to be returned prior to trial, specifically by May 22, 2018. The Government assents to Mr. DeCicco's Motion.

**RELEVANT FACTS**

The Indictment charges Mr. DeCicco with one count of attempted extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. Dkt No. 23. It alleges that from 2013 through January 11, 2015, Mr. DeCicco unlawfully "attempted to obtain an interest in [CW-1's] automobile dealership from [CW-1] with his consent, induced by wrongful use of actual and threatened

force, violence, and fear." Dkt No. 23.  Based on the two affidavits, the government alleges, in substance, that in 2013, Mr. DeCicco requested to become CW-1's partner in the operation of the automobile dealership, Auto Excellence Group; CW-1 later rejected Mr. DeCicco's overture; Mr. DeCicco responded by sending CW-1 a delivery of flowers with an accompanying note, a delivery of pizza, and making threatening and harassing calls in August 4-6, 2014; and Mr. DeCicco subsequently arranged for CW-1 to be assaulted on January 11, 2015.  Dkt. No. 35-12; 35-13.  The affidavits further allege that CW-1 and Mr. DeCicco have not been in contact since the assault up through Mr. DeCicco's arrest on March 17, 2017, though there are allegations that CW-1 had interactions with one or more of Mr. DeCicco's "associates" after the assault.  Dkt. No. 3-1; Dkt. No. 35-13, ¶¶ 25, 27.

Initial investigations into the requested telephone number revealed that the account was issued by Verizon.  However, Verizon responded to the subpoena stating that it does not provide service for the requested number and suggested that Comcast is likely the correct provider.  For that reason Mr. DeCicco requests that the requested subpoena be issued as set forth in Exhibit A.

**LEGAL ANALYSIS**

Fed. R. Crim. P. 17(c) requires a defendant seeking pretrial return of documents from a non-party to show (1) the requested documents are evidentiary and relevant; (2) the requested documents are not otherwise obtainable reasonably in advance of trial by exercise of due diligence; (3) he cannot properly prepare for trial without inspecting such documents in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not a general "fishing expedition."  *Nixon*, 418 at 699-700; *United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988).  Mr. DeCicco's proposed subpoena satisfies all of these criteria.

2

### A. The Requested Records Are Evidentiary and Relevant to the Defendant's Defense.

Mr. DeCicco requests the following documents through a subpoena *duces tecum*, attached as <u>Exhibit A</u>, to be returnable before trial:

(1) all telephone and text message data for the Comcast telephone number 617-782-8222, associated with Auto Excellence Group from January 1, 2013 – March 17, 2017; and

(2) all telephone and text message data for the Comcast telephone number 781-599-4226, associated with CW-1 from January 1, 2013 – March 17, 2017.

The requested telephone and text communications of CW-1 are relevant to the central premise of whether Mr. DeCicco attempted to obtain an interest in CW-1's automobile dealership, Auto Excellence Group, which is an element of the charged offense. First, CW-1's phone records are objective evidence that would prove, among other things: (1) whether the alleged threatening calls on August 4 and 6, 2014 that CW-1 reported to the Saugus Police Department actually took place; (2) where and from whom the calls originated. The government has argued that these calls comprise threats of force, violence, or fear and form part of the alleged extortionate conduct. But the only evidence that the key threatening calls actually happened is CW-1's statements—there is no indication that state or federal law enforcement ever attempted to trace the alleged calls. The apparent non-existence of these calls, and/or the absence of any connection from the callers to Mr. DeCicco, would be persuasive evidence in favor of Mr. DeCicco's innocence.

Second, the call patterns between CW-1 and Mr. DeCicco would contradict the government's claim that CW-1 was the victim of an extortionate scheme. The records would tend to show the relationship between CW-1 and Mr. DeCicco over the relevant time period

because they are objective evidence of the frequency of the calls between CW-1 and Mr. DeCicco, as well as the nature of these alleged calls (for example, based on their duration).

Third, the records would further corroborate the absence of an extortion scheme in myriad other ways; for example, the communications between CW-1 and so-called "associates" of Mr. DeCicco (who are also vendors and contractors of CW-1) can be properly placed in context of the surrounding circumstances, such as the construction of Auto Excellence Group. Evidence of CW-1's bias against Mr. DeCicco would also be corroborated by the records, which would show the calls CW-1 made directly before and after communications with Mr. DeCicco, as well as calls CW-1 made with Mr. DeCicco's contacts both before and directly after Mr. DeCicco's arrest in March 2017.

As further evidence of the relevance of these phone records, the government and law enforcement requested and closely examined other individuals' phone records during the course of their investigation, including the phone records of CW-4, CW-3, and CW-2. The records thus have great probative value and, conversely, minimal prejudicial effect. They would also be admissible at trial, at a minimum, as business records maintained by the providers in the course of regularly-conducted business. *See* Fed. R. Evid. 803(6). Accordingly, the requested information is necessary to adequately prepare for the defense of this matter and would be admissible at trial.

    **B.**    **The Defendant is Unable to Procure These Records in Advance of Trial.**

The government has stated that it is not in possession, custody, or control of the requested telephone records, having made requests only with respect to two of the five known phone numbers associated with CW-1. No records were retrieved for one of the numbers requested because the government mistranscribed one digit of CW-1's phone number. The requested records are also unavailable, in an admissible form, from any other source. *See United States v.*

*Rodriguez Cortes*, 949 F.2d 532, 546 (1st Cir. 1991) (stating that in order for telephone records to be admissible as business records under Fed. R. Evid. 803(6) the records must be authenticated under Rule 901). A Rule 17(c) subpoena, seeking return before trial, is the only way that Mr. DeCicco can obtain the requested telephone records prior to trial.

    **C.    Inspection and Review in Advance of Trial is Necessary.**

Mr. DeCicco needs the requested documents in advance of his trial in order to make appropriate use of them and to prepare for his defense. Any records obtained by the Subpoena will be voluminous and will require some time to be reviewed and analyzed. Additionally, it is possible that the record custodians will object to producing the requested records, which may require additional motion practice. Accordingly, Mr. DeCicco submits that production of the records in advance of trial is necessary in order for him to be able to make productive use of them at trial and so as to not unnecessarily delay the trial.

    **D.    The Defendant Has a Good Faith Basis to Seek the Requested Documents and the Request is Not a Fishing Expedition.**

Far from being a fishing expedition, these requests are tied directly to the allegations in the affidavits proffered by the government in support of the Criminal Complaint and in its motion to detain Mr. DeCicco, as well as diligent investigation conducted by the defense to date. Mr. DeCicco has a good faith basis for requesting telephone and text message records for the five requested telephone number; each of these phone numbers were used by CW-1 or his business, Auto Group Excellence, and may contain information necessary in developing the defense in this case. The Subpoenas are narrowly tailored and provide as much information as is available to identify the records sought (identifying the requested records by telephone carrier, phone number, and timeframes requested).

## CONCLUSION

For the reasons stated herein, Defendant Gary P. DeCicco respectfully requests that this Court allow his Motion for Issuance of Rule 17(c) Subpoenas and enter an Order issuing a Rule 17(c) subpoena in the form attached as <u>Exhibit A</u> to the Motion, returnable before trial.

Respectfully submitted,

GARY P. DECICCO

By his attorneys,

/s/ Thomas C. Frongillo
Thomas C. Frongillo (BBO# 180690)
Caroline K. Simons (BBO# 680827)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210
frongillo@fr.com
simons@fr.com
TEL: (617) 542-5070
FAX: (617) 542-8906

James J. Cipoletta (BBO# 084260)
Law Offices of James J. Cipoletta
Citizens Bank Building
385 Broadway Suite 307
Revere, Massachusetts 02151
jim@cipoletta.com
Tel: (781) 289-7777
Dated: May 10, 2018                     Fax: (781) 289-9468


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on May 10, 2018 through the CM/ECF system and will be served electronically to registered CM/ECF participants as identified on the Notice of Electronic Filing.

/s/ Thomas C. Frongillo
Thomas C. Frongillo