UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                                      Cr. No. 17-10092-NMG

GARY P. DECICCO

DEFENDANT'S SUPPLEMENTAL MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF CRIMES, WRONGS, OR OTHER ACTS UNDER RULES 404(b) AND 403
[Leave To File Granted On 5/10/2018]

Defendant Gary DeCicco respectfully moves *in limine* for an order pursuant to Fed. R. Evid. 404(b) and 403 to exclude evidence of (1) an alleged incident of violence by the defendant toward Erwin Rose and (2) an allegation by Erwin Rose that the defendant "used the term "nigger" a lot and talked about violence he performed against an African-American " on the grounds that these allegations would be admitted in this case solely for the improper purpose of showing bad character and/or the propensity of Mr. DiCicco to commit the crime charged in the indictment in this case. In support hereof the defendant states as follows:

On May 7, 2018, defendant's counsel filed a *Motion In Limine to Exclude Evidence of Crimes, Wrongs, Or Other Acts Under Rules 404(b) and 403*. Dkt. 199. Counsel also filed a *Memorandum in Support* of the motion. Dkt. 200. The defendant now supplements his previously filed motion *in limine* and incorporates herein the legal arguments set out in his memorandum in support of that motion.

On May 11, 2018, the government disclosed a copy of an FBI report (FD-302) drafted on May 3, 2017 and entered on May 16, 2017 summarizing an interview of Erwin "Skip" Rose. (Bates No. USAO_DECICCO_00024927).  Mr. Rose related that he was involved in the construction of the Atlantis Marina project in Winthrop, Massachusetts. He told the interviewing agent that on one occasion during a construction meeting, on an unspecified date, Mr. DeCicco raised his voice toward him and grabbed him by the throat. Rose, according to the report, also told the interviewing agent that Mr. DeCicco "used the term nigger a lot" and that he spoke of some unspecified violence he performed against an unnamed African-American on an unknown time.

The two events described by Rose in the FBI report should be excluded for the following reasons:  (1) The alleged confrontation with Erwin Rose at an unspecified time does not have special relevance to the crime of attempted extortion.  Whether or not Mr. DeCicco had a physical confrontation with Erwin Rose as described in the report is not probative of any motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in this case. It is completely unconnected to any disputed fact or circumstance relating to the attempted extortion charge. (2) The allegation by Mr. Rose that Mr. DeCicco "used the term "nigger" a lot" and talked about violence he performed against an unnamed  African-American, at an unspecified time, for an unknown reason is likewise irrelevant to the facts at issue in this case and not probative motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in this case.  These latter allegations are vague, remote, and not tied to any fact or issue in this case.

These allegations, if admitted, would serve the improper purpose of showing bad character and/or the propensity of Mr. DiCicco to commit the crime charged in the indictment in this case. Moreover, the probative value of the identified uncharged bad act evidence is substantially outweighed by the risk of unfair prejudice and ultimately would interfere with Mr. DeCicco's right to a fair trial, all in violation of his due process rights.

WHEREFORE: The defendant requests the Court to order the exclusion of the impermissible bad acts allegations and uncharged conduct as set forth above.

                Respectfully submitted,
                GARY P. DECICCO
                By his attorneys,

*/s/ James J. Cipoletta*
_____
James J. Cipoletta (BBO# 084260)
Law Offices of James J. Cipoletta
Citizens Bank Building
385 Broadway - Suite 307
Revere, Massachusetts 02151
jim@cipoletta.com
Tel: (781) 289-7777

Thomas C. Frongillo (BBO# 180690)
Caroline K. Simons (BBO# 680827)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210
frongillo@fr.com
simons@fr.com
Tel: (617) 542-5070
Fax: (617) 542-8906

Dated: May 12, 2018

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

*/s/ James J. Cipoletta*
_____