UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| | ] | |
| v. | ] | Cr. No. 17-10092-NMG |
| | ] | |
| | ] | |
| GARY P. DECICCO | ] | |

DEFENDANT'S OBJECTION TO GOVERNMENT'S WITNESS LIST

On May 21, 2018, the government filed an amended witness list.  The government added

the defendant's defense investigator, John Cinotti, to the amended list. Dkt. 273. Defendant

OBJECTS to the inclusion of the defense investigator and requests the Court to strike his name

from the witness list and to prohibit the government from calling Mr. Cinotti as a witness in this

case.  In support hereof, Gary P. DeCicco states as follows:

A.    BACKGROUND:

On or about March 17, 2017, Gary P. DeCicco was arrested and brought before the Court

on the charge of attempted extortion.  His trial is scheduled to begin on May 29, 2018.

John Cinotti is a retired federal agent who now works as a private investigator. He is

licensed by the Commonwealth of Massachusetts and maintains an office in the Massachusetts.

On March 28, 2017, Mr. Cinotti was retained by the defense.  Since that date he has been an

integral part of the defense team and continues to perform services for the defendant through the

attorneys of record.   Mr. Cinotti has no personal knowledge of any facts in issue. He is not in

possession of any reports or "statements" as the latter is defined in Fed. R. Crim. P. 26.

Furthermore, any conversations that Mr. Cinotti may have had with Mr. DeCicco and his

attorneys is protected by the attorney-client work product doctrine .

B.     ARGUMENTS:

**1.     Mr. Cinotti Is Not Qualified To Be A Witness In The Government's Case**.

Mr. Cinotti is not a fact witness in this case. He has no personal knowledge of any of the allegations set out in the indictment in this case and can testify to no facts that would tend to prove any element of the government's case. To be qualified he would have to possess personal knowledge of some fact connected to admissible evidence. He does not.  *See*, Fed. R. Evid. 602.

**2.     The Defense Investigator Is Not In Possession Of Any Discoverable Statement.**

Mr. Cinotti does not possess any witness statement that he would be able to disclose either to the government or the jury.

A statement is defined in Fed. R. Crim. P.  26.2 (f) as:

*(f) "Statement" Defined. As used in this rule, a witness's "statement" means:*

*(1) a written statement that the witness makes and signs, or otherwise adopts or approves;*

*(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or*

*(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.*

Since neither Mr. Cinotti nor any other member of the defense team is in possession of any "statement" that he would be able to produce, he has nothing to offer the government as a witness in this case.

**3.     Information In Possession Of The Defense Is Not Subject To Disclosure**.

Fed. R. Crim. P. 16 (b) (2) precludes compelling the defendant to disclose certain defense

reports, memos, and documents.

*(2) Information Not Subject to Disclosure. Except for scientific or medical*

*reports, Rule 16(b)(1) does not authorize discovery or inspection of:*

*(A) reports, memoranda, or other documents made by the defendant, or the*

*defendant's attorney or agent, during the case's investigation or defense; or*

*(B) a statement made to the defendant, or the defendant's attorney or agent, by:*

*(i) the defendant;*

*(ii) a government or defense witness; or*

*(iii) a prospective government or defense witness.*

The defense is under no obligation, pursuant to the rule, to provide copies of any reports, memoranda, statements, or documents to the government. Therefore, Mr. Cinotti possesses tangible or intangible items about which he could testify as a government witness.

**4.      Any and all material developed by the defense team, including Mr. Cinotti, is protected by the work product doctrine.**

The work product doctrine protects any material prepared by agents for the defense attorneys as well as those prepared by attorneys themselves.

[T]he historical and the necessary way in which lawyers act within the framework of our system of jurisprudence ... is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ... [termed] as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own." *Hickman v. Taylor*, 329 U. S. 495, 510-511 (1947) (Jackson, J. concurring).

The concept of calling a member of the defendant's defense team as a government witness is violates the defendant's rights to counsel and due process as guaranteed by the Sixth Amendment. The Court should order the name of John Cinotti stricken from the government's witness list and should prohibit the government from calling Mr. Cinotti as a witness. At the very least, the Court should order the government to make a good faith offer of proof in open court as to its purpose and belief that it is entitled to call Mr. Cinotti as a witness against Mr. DeCicco.

C.   <u>CONCLUSION</u>:

For all of the foregoing reasons, the Court should strike defense investigator John Cinotti's name from the witness list and prohibit the government from calling him as a witness.

Respectfully submitted,
GARY P. DECICCO
By his attorneys,

/s/ *James J. Cipoletta*
_____
James J. Cipoletta (BBO# 084260)
Law Offices of James J. Cipoletta
Citizens Bank Building
385 Broadway - Suite 307
Revere, Massachusetts 02151
**jim@cipoletta.com**
Tel: (781) 289-7777

Thomas C. Frongillo (BBO# 180690)
Caroline K. Simons (BBO# 680827)
Jessica L. Perry (BBO# 696392)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210
**frongillo@fr.com**
**simons@fr.com**
jperry@fr.com
Tel: (617) 542-5070
Fax: (617) 542-8906

Dated: May 22, 2018

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ James J. Cipoletta
James J. Cipoletta