UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 17-CR-10092-NMG |
| ) | |
| GARY P. DECICCO, ) | |
| ) | |
| *Defendant*. ) | |

**DEFENDANT GARY P. DECICCO'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
ALLEGED BOAT INCIDENT UNDER RULES 404(b) and 403**

Defendant Gary DeCicco respectfully moves *in limine* for an order pursuant to Fed. R. Evid. 404(b) and 403 to exclude evidence of or reference in arguments of counsel to an alleged 20-30 year old incident wherein David Witham was purportedly asked to sink a boat in Fort Lauderdale, FL on behalf of Mr. DeCicco, on the grounds that this alleged incident would be admitted in this case for the improper purpose of showing bad character and/or the propensity of Mr. DeCicco to commit the crime charged in the indictment in this case, and the risk of prejudice vastly outweighs any probative value.

**RELEVANT FACTS**

David Witham is a government witness.  Dkt. No. 338.  During his grand jury session, Witham testified that Mr. DeCicco requested, through mutual acquaintance Dennis Hollow, that Witham sink a boat in Fort Lauderdale, Florida, sometime in the 1990s.  Witham allegedly refused to follow through with the request when he observed Internal Revenue Service stickers on the vessel.  Witham Grand Jury Tr. at 8-12 (March 23, 2017).

## ARGUMENT

This alleged boat incident would be admitted solely for the purpose that Mr. DeCicco had a propensity to commit the crime in question, and is thus inadmissible. *United States v. Aguilar-Aranceta*, 58 F.3d 796, 798 (1st Cir. 1995). Prior bad acts may be "specially relevant" if they are probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See *United States v. Guyon*, 27 F.3d 723, 728 (1st Cir. 1994) (citing *United States v. Garcia*, 983 F.2d 1160, 1172 (1st Cir. 1993)). If this "special relevance" is established, the court must then apply Rule 403 "to determine whether the probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice.'" *Id*. (quoting Fed. R. Evid. 403).

There is no special relevance here because there is no link between this alleged boat incident and the alleged extortionate acts in this case that would be probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See Guyon*, 27 F.3d at 728. The alleged act—the sinking of a boat to evade seizure by the IRS—has no relation to any of the alleged extortionate acts in this case, which relate to (1) a delivery of flowers, a note, and a cross, and (2) an assault regarding a purported attempt to obtain interest in Auto Excellence Group. Further, the fact that Witham was allegedly hired through intermediaries is not an idiosyncratic or sufficiently distinctive method to rise to the level of special relevance. *See United States v. Gilbert*, 229 F.3d 15, 21-22 (1st Cir. 2000) (requiring "the shared characteristics of the other act and the charged offense [to be] sufficiently idiosyncratic that a reasonable jury could find it more likely than not that the same person performed them both."). Finally, according to Witham's account, the alleged boat incident took place 20-30 years ago, further removing it from any realm of relevance in this case.

To the extent that the government may claim that his boat incident is somehow still

relevant, the probative value of such evidence is substantially outweighed by the unfair prejudice. There is no dispute here that Mr. DeCicco arranged the acts at issue here; only intent is at issue. The alleged boat incident sheds no light on Mr. DeCicco's intent as to the events at issue in this case, which span from 2013-January 11, 2015. Unfair prejudice refers to the "capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from the proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, the probative value of this bad act evidence is substantially outweighed by the risk of unfair prejudice and would interfere with the defendant's right to a fair trial in violation of his due process rights.

## CONCLUSION

For the reasons set forth in the accompanying Memorandum in Support, Mr. DeCicco requests that the Court grant this motion *in limine* to exclude evidence of and reference to the alleged boat incident, including but not limited to those specifically set forth.

## REQUEST FOR ORAL ARGUMENT

Mr. DeCicco requests that the Court hear oral argument on this motion.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>GARY P. DECICCO<br><br>By his attorneys,<br><br>/s/ Thomas C. Frongillo<br>Thomas C. Frongillo (BBO# 180690)<br>Caroline K. Simons (BBO# 680827)<br>Jessica L. Perry (BBO# 696392)<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, Massachusetts 02210<br>frongillo@fr.com<br>simons@fr.com<br>TEL: (617) 542-5070<br>FAX: (617) 542-8906<br><br>James J. Cipoletta (BBO# 084260)<br>Law Offices of James J. Cipoletta<br>Citizens Bank Building<br>385 Broadway Suite 307<br>Revere, Massachusetts 02151<br>jim@cipoletta.com<br>Tel: (781) 289-7777</td></tr>
<tr><td>Dated: June 8, 2018</td><td>Fax: (781) 289-9468</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed on June 8, 2018 through the CM/ECF system and will be served electronically to registered CM/ECF participants as identified on the Notice of Electronic Filing.

                                                /s/ Thomas C. Frongillo
                                                Thomas C. Frongillo