**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| **Gary P. DeCicco,** ) | 17-10092-NMG |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In June, 2018, following a seven-day trial, a jury acquitted defendant Gary P. DeCicco ("defendant" or "De Cicco") of attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951.

Pending before the Court is DeCicco's motion to recover from the government attorneys' fees and costs in excess of three million dollars allegedly expended in his defense of that charge.

## I. Background

DeCicco was indicted in 2017 for unlawfully attempting to obtain an interest in the automobile dealership of an acquaintance by wrongful use of actual and threatened force,

violence and fear.  The owner of that dealership was Confidential Witness John Doe ("CW-1"), an FBI informant from 2006 to 2011 who was then reactivated in July, 2015.

The government alleged that 1) in 2013, DeCicco sought to become a partner in CW-1's automobile dealership, 2) CW-1 rejected that overture, and 3) DeCicco ultimately responded by sending CW-1 a large bouquet of flowers with an ominous note, arranging for the delivery of unpaid-for pizzas and making harassing and threatening phone calls.  The government further alleged that, in January, 2015, DeCicco arranged for CW-1 to be violently assaulted.

DeCicco was detained for 15 months awaiting trial.  After a seven-day trial, the jury deliberated for one hour and acquitted DeCicco.  The Court entered judgment in his favor on June 13, 2018.

DeCicco alleges that the government's conduct in initiating and pursuing charges against him was vexatious, frivolous and in bad faith.  DeCicco submits that the government knew the charges against him were unfounded and nonetheless pursued them in retaliation for DeCicco's refusal to cooperate in a related high-profile criminal investigation.  DeCicco further avers that the government committed several discovery violations and

divulged false information to the Court during the course of the trial.

## II. **Motion for Legal Fees and Expenses**

DeCicco seeks attorneys' fees and expenses from the government for its alleged vexatious, frivolous or bad faith litigation pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997), reprinted in 18 U.S.C. § 3006A (statutory note). The government opposes DeCicco's request as untimely and lacking merit.

> The Hyde Amendment provides, in relevant part, that
>
>> the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of [the Equal Access to Justice Act ("EAJA")].

18 U.S.C. § 3006A (statutory note).

The First Circuit Court of Appeals has expressly held that the Hyde Amendment "incorporates the procedures and limitations contained in EAJA § 2412(d)." United States v. Knott, 256 F.3d 20, 27 (1st Cir. 2001). That provision states that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the

> action, submit to the court an application for fees
> and other expenses which shows that the party is a
> prevailing party and is eligible to receive an award
> under this subsection, and the amount sought . . . .
> The party shall also allege that the position of the
> United States was not substantially justified.

18 U.S.C. § 2412(d)(1)(B).

Pursuant to the text of the EAJA, incorporated by reference in the Hyde Amendment, an application for attorneys' fees and costs pursuant to the Hyde Amendment must be filed within 30 days of entry of final judgment.  Final judgment was entered in this matter in June, 2018.  DeCicco's motion filed 18 months after that judgment is, therefore, untimely by a factor of 18.

DeCicco acknowledges the applicability of the 30-day time limitation but maintains that it is not jurisdictional and, therefore, the Court should waive the deadline and proceed to the merits.

The United States Supreme Court has clarified that the Hyde Amendment deadline "does not concern the federal courts' subject-matter jurisdiction." Scarborough v. Principi, 541 U.S. 401, 413 (2004).  It instead "concerns a mode of relief . . . ancillary to the judgment of a court that has plenary jurisdiction." Id.  That is not to say that the deadline is artificial; it merely falls into one of two other categories of time-limitations. Dolan v. United States, 560 U.S. 605, 610 (2010).

The first category encompasses ordinary "claim-processing rules", which do not limit the jurisdiction of the court, but rather regulate the timing of motions or claims brought before the court. Id. Such rules "assure relief to a party properly raising them" but nonetheless may be "forfeited" if the party advocating enforcement of the rule fails to object in a timely manner. Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam) (holding that a 7-day deadline for filing a motion for a new trial was a non-jurisdictional claim-processing rule).

The second category includes "time-related directives", or deadlines that seek to keep the process of a civil action in motion. See, e.g., United States v. Montalvo-Murillo, 495 U.S. 71, 722 (1990) (holding that a missed deadline for convening bail detention hearing does not require a judge to release the defendant); see also Dolan, 560 U.S. at 611. Such deadlines do not deprive a court of its authority to take the prescribed action if the deadline is missed even over objections of the parties. Dolan, 560 U.S. at 611.

DeCicco maintains that the Hyde Amendment deadline is a time-related directive, placing it in the latter, more flexible category and, therefore, the Court may award him attorneys' fees and expenses even though the deadline has expired and the government has timely objected. Relying on Dolan, DeCicco

proffers four arguments in support of this conclusion, none of which the Court finds persuasive.

As a preliminary matter, the rule at issue in Dolan is distinguishable from the rule at issue here. In Dolan, the sentencing court failed timely to schedule a date for a mandatory restitution hearing. Id. at 607-08. The Court proffered six reasons in support of its conclusion that the deadline was merely a time-related directive. Id. at 611-17. Evident throughout the Court's opinion, however, is the concern that strict application of the deadline would work only to harm the individuals the deadline sought to protect: the victims of the crime who bore no responsibility for a court's failure to hold such a hearing in a timely manner. Id. Here, in contrast, the question is whether the failure of DeCicco, rather than of the Court or some other third party, to comply with the procedural requirements of the Hyde Amendment results in a waiver of his own claim.

DeCicco nonetheless maintains that application of Dolan compels the conclusion that the Hyde Amendment deadline is a time-related directive. He first submits that the Hyde Amendment, similar to the statute at issue in Dolan, fails to specify the consequences of noncompliance with the procedural requirements. See id. at 611. DeCicco concludes that the Court

should, therefore, decline to impose its own "coercive sanction" of waiving DeCicco's claim.

In Dolan, however, the issue was not whether one of the parties had waived a claim but rather what consequences resulted from the court's untimely scheduling of a mandatory hearing. Id. at 611. The Court looked first to the language of the statute which provided that the court "shall set a date for the final determination of the victim's losses" no more than 90 days after sentencing. 18 U.S.C. § 3664(d)(5). The Court conceded that the word "shall" appeared to weigh against classifying the rule as a time-related directive, though it did not necessarily bar courts from taking the prescribed action. Id.

Here, unlike in Dolan, there is no ambiguity surrounding the consequence of a party failing to comply with the procedural requirements of raising a claim: the claim is waived. See Eberhart, 546 U.S. at 19. Furthermore, EAJA § 2412(d), like the statute as issue in Dolan, states that a party "shall" comply with the deadline. 18 U.S.C. § 2412(d)(1)(B). Consequently, even if there was ambiguity surrounding the consequences of noncompliance, the use of the compulsory "shall" in the Hyde Amendment requires, as in Dolan, that this factor either weighs slightly against classification as a time-related directive or is inconclusive.

DeCicco next argues, again relying on Dolan, that the legislative history of the Hyde Amendment supports classifying the deadline as a time-related directive. The legislative history of the Hyde Amendment promotes awarding relief to defendants who are subjected to vexatious, frivolous or bad faith litigation by the government. See, e.g., 143 Cong. Rec. H7786-04, H7793 (Sept. 24, 1997) (statement of Representative Hyde). Consistent with that purpose, defendant maintains, the Court should decline to enforce a deadline that would bar his meritorious claim. That argument, in effect, seeks to relitigate United States v. Knott, in which the First Circuit determined that the 30-day claims limitation in the EAJA applies with equal force to claims, regardless of their merit, made pursuant to the Hyde Amendment. See Knott, 256 F.3d at 27. Although defendant may disagree with that decision, it binds this Court now just as it did 19 years ago.

In his third argument based on Dolan, DeCicco maintains that strict enforcement of the deadline will impermissibly benefit the government and penalize him for circumstances largely outside of his control. He notes that he has been under a separate criminal indictment since before his acquittal in this case and, as a result, his resources have been drained and he struggled to retain counsel. DeCicco proffers no explanation, however, for his assertion that his drained

resources were a bar to bringing his Hyde Amendment claim 18 months ago but pose no obstacle today. Furthermore, any harm to DeCicco resulting from the enforcement of the Hyde Amendment deadline is attributable entirely to his own failure to act in a timely manner. DeCicco is the sole party responsible for the missed deadline and is the party that has forfeited his claim as a result.

In a final attempt to salvage his claim, DeCicco contends that equitable considerations warrant waiving the deadline. He underscores the purported merits of his petition and the lack of any prejudice to the government attributable to the delay. The contended merit of DeCicco's claim is, however, irrelevant to whether or not there is good cause for it being 18 months late. Furthermore, DeCicco provides no support for his argument that the government must establish some prejudice resulting from a prospective waiver of defendants' default to hear his Hyde Amendment claim.

Accordingly, DeCicco's motion pursuant to the Hyde Amendment for attorneys' fees and expenses is untimely. Having so concluded, the Court need not proceed to its merits but is compelled to comment on the breathtaking over-reach of defense counsel in filing the instant motion. Not only is the belated

motion untimely by a year and a half, it is devoid of merit and lacking in good faith.

The Hyde Amendment provides that, when warranted, the prevailing party is entitled to

> a <u>reasonable</u> attorney's fee and other litigation expenses . . . unless the court finds that special circumstances make such an award unjust.

18 U.S.C. § 3006A (statutory note) (emphasis added). Nothing in the record suggests that a three-million-dollar fee is "reasonable" here or that this defendant is entitled to any award.

To the extent that defense counsel was motivated, as the government persuasively suggests, by an inappropriate attempt to gain a strategic advantage in a separate criminal case pending against defendant, such conduct is ethically suspect and ought not be repeated.

In any event, the motion will be denied as untimely.

**ORDER**

For the foregoing reasons, the motion of defendant Gary DeCicco for legal fees and expenses (Docket No. 369) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 13, 2020